UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CR-20-KAC-JEM-10 |
| | ) | |
| SAMUEL B. HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

On March 16, 2022, the Grand Jury returned an Indictment [Doc. 3] charging Defendant Harris and others with conspiracy to distribute 400 grams or more of fentanyl and 100 grams or more of p-fluorofentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A), as well as forfeiture allegations. On March 24, 2022, Defendant Harris was arrested and brought before Magistrate Judge Anthony P. Patti for an initial appearance in the Eastern District of Michigan [Doc. 49 p. 1]. Judge Patti held a detention hearing on March 25, 2022 [*Id.*]. Judge Patti determined that Defendant Harris could be released with conditions, but he stayed the release order until 5:00 p.m. on March 28, 2022, to allow the Government time to appeal the release order.

On March 25, 2022, the Government filed its Emergency Motion Under 18 U.S.C. § 3145 for Revocation of Magistrate Judge's Release Order [Doc. 49]. In its motion, the Government objects to Defendant Harris's release based on the presumption in favor of detention due to the

crimes charged, Defendant Harris's criminal history—albeit limited, Defendant Harris's lack of substantial ties to the Eastern District of Tennessee, and the potential risk of danger to the community were Defendant Harris to be released on conditions. The Government requested that Defendant Harris's release continue to be stayed until the Court held a hearing in this district and that the Court revoke Judge Patti's release order.

On March 28, 2022, United States District Judge Leon Jordan ordered [Doc. 50] that the release order be stayed, that Defendant Harris be detained pending resolution of the Government's emergency motion, that the United States Marshal or his authorized deputy transport Defendant Harris to this district, and that the undersigned hold a hearing on the matter of Defendant Harris's detention or release and prepare a report and recommendation on the issue.[1]

Defendant Harris arrived in the district and appeared before the undersigned for an arraignment on May 11, 2022 [Doc. 83]. At that time, the Court set a hearing on the Government's motion for June 1, 2022. On June 1, 2022, Assistant United States Attorney Brent N. Jones appeared on behalf of the Government. Attorney Nate Evans represented Defendant Harris, who was also present. The Court heard proffer from counsel for the Government, who relied upon the Indictment as a basis for detention. The Government acknowledged, however, that Defendant Harris appeared to be a lesser culpable defendant in this alleged conspiracy and that Defendant has a limited criminal history.

---

[1]    This case was later reassigned to the Honorable Katherine A. Crytzer for all further proceedings [Doc. 66].

Following the Government's proffer, Defendant's counsel called upon Defendant Harris's proposed Third-Party Custodian, Defendant's father, Samuel K. Harris, to testify.[2] Mr. Samuel Harris testified that he has rented his residence in Michigan for approximately 8–10 years and that Defendant Harris would be welcome to reside there; that Defendant Harris had been living with him at that residence for a little over a year prior to his being detained; that although there was a firearm in his residence that belonged to Defendant Harris's brother, there are no firearms in the residence at this time; and that Mr. Samuel Harris would be willing to fulfill all the responsibilities and duties of a Third-Party Custodian to the best of his ability.

Following Mr. Samuel Harris's testimony, the Government stated it was no longer seeking detention in this case, as it appeared that conditions or a combination of conditions existed that would reasonably assure the appearance of Defendant Harris in court as required and the safety of the community. The Government noted that Mr. Samuel Harris's testimony provided verification regarding Defendant Harris's proposed residence, as well as verification that there were no firearms within the proposed residence despite prior information indicating Defendant Harris's brother had been keeping a firearm there. It was represented by the Government that the firearm in question is currently in the Government's custody. The Government, however, proposed conditions different from those imposed by Magistrate Judge Patti.

At the hearing, the United States Probation Office indicated its position—in which it had originally recommended Defendant Harris be detained pending his trial—had also changed, as it

---

[2]     Mr. Harris testified via video from Detroit, Michigan.

3

too believed sufficient release conditions or a combination of conditions existed based on the verifications provided at the June 1 hearing.

Based upon the position of the parties, information received from the United States Probation Office, and considering the factors set forth in 18 U.S.C. § 3142, the Court finds that the appearance of the defendant and community safety can reasonably be assured by releasing Defendant Harris on conditions. The undersigned reviewed the proposed conditions of release with Defendant Harris during the hearing, along with the potential consequences for failing to abide by the conditions, and Defendant Harris stated that he had no questions about the proposed conditions or the consequences for failure to abide by the conditions. The undersigned also questioned the proposed Third-Party Custodian Samuel K. Harris about whether he agreed to supervise Defendant Harris, use every effort to assure Defendant Harris's appearance at all court proceedings, and notify the Court immediately if Defendant Harris violates a condition of release or is no longer in the custody of Mr. Samuel Harris. Mr. Samuel Harris stated that he agreed to take on these responsibilities. The undersigned's proposed Order Setting Conditions of Release— which has been signed by all required parties—is attached to this Report and Recommendation.

Based upon the proceedings at the June 1 hearing, the undersigned **RECOMMENDS** that the District Judge **DENY as MOOT** the Government's Emergency Motion Under 18 U.S.C. § 3145 for Revocation of Magistrate Judge's Release Order [**Doc. 49**]. The undersigned further **RECOMMENDS** that, if the District Judge accepts the undersigned's recommendation to deny the Government's motion as moot, that the District Judge **DIRECT** the Clerk of Court to enter the undersigned's proposed Order Setting Conditions of Release.

4

Due to the need to determine this issue promptly, 18 U.S.C. § 3145, any objections to this report and recommendation must be served and filed on or before **June 8, 2022**.[3]  Any response to objections must be filed on or before **June 13, 20212**.

        Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[3]     Failure to file objections within the time specified waives the right to review by the District Court.  Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time waives the right to appeal the district court's order).  The District Judge need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).