# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

United States of America
v.
Samuel B. Harris

Case No: 3:22-CR-20-KAC-JEM-10
USM No: 92786-509

Date of Original Judgment: 7/7/2023
Date of Previous Amended Judgment:

Bobby E. Hutson, Jr.
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____ .

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 3/21/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

Case 3:22-cr-00020-KAC-JEM   Document 494   Filed 03/21/24   Page 1 of 4   PageID #: 2397

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAMUEL B. HARRIS, ) <br> ) <br> Defendant. ) | No.: 3:22-CR-20-KAC-JEM-10 |

## ANALYSIS

This case is before the Court on Defendant Harris's "Motion for Reduction in Sentence Pursuant to Guideline Amendment 821, Part B" [Doc. 472]. On July 7, 2023, this Court sentenced Defendant Harris to twenty-four (24) months' imprisonment for conspiracy to distribute forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and ten (10) grams or more of a mixture and substance containing a detectable amount p-flourofentanyl, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [Doc. 363 at 1]. In Defendant Harris's Motion [Doc. 472], Defendant Harris asks the Court to reduce his sentence of imprisonment to eighteen (18) months as of February 1, 2024 [*See* Doc. 472 at 4]. The United States filed a Response [Doc. 489], deferring "to the Court's discretion whether and to what extent to reduce [Defendant Harris's] term of imprisonment" [Doc. 489 at 1].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Commission policy statement, to determine if a reduced term of imprisonment is warranted, this Court must first "determine the amended guideline range that would have applied to the defendant" if the relevant portion of Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). This Court must initially "leave all other guideline applications unaffected." *Id.*

As is relevant here, Amendment 821 added Section 4C1.1 to the Guidelines. That Section authorizes a two-level reduction in offense level if a defendant meets certain criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

3

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*Id.* § 4C1.1(a).

Here, Defendant Harris is eligible for a reduction under Section 4C1.1. Defendant Harris's initial total criminal history score was zero [Doc. 315 ¶ 39, *sealed]. And Sections 4C1.1(2)-(10) are met. Based on a total offense level of seventeen (17) and a criminal history category of one (I), Defendant Harris's previous advisory guideline range was twenty-four (24) to thirty (30) months' imprisonment [*Id.* ¶ 59, *sealed]. With Amendment 821, Defendant Harris's total offense level would be fifteen (15), resulting in an amended guideline range of eighteen (18) to twenty-four (24) months' imprisonment.

However, the relevant Section 3553(a) factors do not support a reduction of Defendant Harris's term of imprisonment. Defendant Harris has completed some educational programming, but it appears that he completed all that educational programming on one (1) day, October 26, 2023 [*See* Doc. 472-1 at 1]. *See* 18 U.S.C. § 3553(a)(1). Since, Defendant Harris has committed at least three (3) infractions while incarcerated [Docs. 472-2 at 1 (listing these infractions); 489-1 at 1 (listing four infractions, including one incurred January 2, 2024)]. Those infractions are especially alarming in light of his pretrial release misconduct, which included at least two (2) positive drug screens and threatening his third-party custodian with physical violence [*See* Doc. 213 at 1-2]. Defendant Harris's pattern of continued misconduct is concerning. *See* 18 U.S.C. § 3553(a)(2)(B), (C). Defendant Harris's current sentence, without modification, is necessary to protect the public from any further crimes of Defendant Harris. *See id.* § 3553(a)(2)(C). And, on balance, the 3553(a) factors do not support a reduction.

4